02-10-194-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO.  02-10-00194-CR

 

 


 
 
 Cynthia Tyler
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

 

FROM Criminal
District Court No. 1 OF Tarrant COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

I.  Introduction

Appellant
Cynthia Tyler appeals from her conviction for possession of less than one gram
of methamphetamine.  After the trial court denied her motion to suppress,
Appellant pleaded guilty pursuant to a plea agreement.  She contends in one
point on appeal that the trial court erred by denying her motion to suppress
because the search of her vehicle was illegal under Arizona v. Gant, 556
U.S. 332, 129 S. Ct. 1710 (2009).  We affirm.

II.  Background

Ashley
Chrisman testified at the suppression hearing that, on August 23, 2009, she
called 911 and reported that a Lexus was swerving in and out of traffic cones
and had almost hit her as she drove westbound on Loop 820.  She stated that she
believed that the driver was drunk.  Chrisman continued following the Lexus and
witnessed it hit the side of a bridge.  When she approached the Lexus to make
sure the driver was not injured, Chrisman noticed that the driver, whom she
identified in open court as Appellant, slurred her words and sounded drunk. 
Chrisman testified that the police arrived approximately five to ten minutes
later. 

Fort
Worth Police Officer William Margolis testified that he made the initial
contact with Appellant and asked for her license.  He then requested that she
get out of the car.  Officer Margolis testified that he noticed that Appellant
had a slightly staggered walk and unsteady balance and that her speech became
more and more slurred over time.  He also testified that he believed Appellant
was under the influence of something other than alcohol.  He asked Appellant if
she was on any prescription medications, and Appellant said that she was not.  Based
on these observations, Officer Margolis decided to call in a DWI enforcement
officer. 

Officer
Jason Moss responded to Officer Margolis’s call.  He is an officer with the
Fort Worth Police Department DWI enforcement unit and has more than eleven
years’ experience as a peace officer.  When he arrived, Appellant was seated in
the front passenger seat of her vehicle.  At the suppression hearing, Officer
Moss testified that his initial observation was that Appellant’s speech was
slurred as if her tongue were swollen.  He asked Appellant whether she had been
drinking, and Appellant responded that she did not drink.  He then asked
Appellant if she had taken any drugs or prescription medication, and she
replied that she had taken her prescription for Xanax.  Officer Moss asked
Appellant to exit the vehicle so that he could administer the horizontal gaze
nystagmus (HGN) test, which tests for the presence of alcohol, depressants,
PCP, or inhalants in the body.  He observed that when she exited the vehicle,
Appellant had difficulty walking; she stumbled and needed to brace herself on
the car in order to maintain her balance.  In addition, her pupils appeared to
be highly constricted.

Officer
Moss testified that the HGN test exhibited no clues, which indicated to him, in
combination with Appellant’s slurred speech and unsteady balance, that she was
under the influence of a stimulant such as cocaine or methamphetamines.  He
arrested Appellant for driving while intoxicated and placed her in the back of
his patrol car.  He thereafter searched her purse, which was in the passenger
seat of the Lexus and easily accessible to Appellant while she was driving and where
she was seated when he arrived on the scene.  Officer Moss testified that he
performed this search “looking for evidence of her – maybe Xanax in her purse
and any other evidence that [he] might see that – to back up [his]
investigation.”  In the purse, he found a baggie containing a substance that
later tested positive for methamphetamine.

III.  Standard of Review

          We
review a trial court’s ruling on a motion to suppress evidence under a
bifurcated standard of review.  Amador v. State, 221 S.W.3d 666, 673
(Tex. Crim. App. 2007); Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim.
App. 1997).  In reviewing the trial court’s decision, we do not engage in our
own factual review.  Romero v. State, 800 S.W.2d 539, 543 (Tex. Crim.
App. 1990); Best v. State, 118 S.W.3d 857, 861 (Tex. App.—Fort Worth
2003, no pet.).  The trial judge is the sole trier of fact and judge of the
credibility of the witnesses and the weight to be given their testimony.  Wiede
v. State, 214 S.W.3d 17, 24–25 (Tex. Crim. App. 2007); State v. Ross,
32 S.W.3d 853, 855 (Tex. Crim. App. 2000), modified on other grounds by
State v. Cullen, 195 S.W.3d 696 (Tex. Crim. App. 2006).  Therefore, we give
almost total deference to the trial court’s rulings on (1) questions of
historical fact, even if the trial court’s determination of those facts was not
based on an evaluation of credibility and demeanor, and
(2) application-of-law-to-fact questions that turn on an evaluation of
credibility and demeanor.  Amador, 221 S.W.3d at 673; Montanez v.
State, 195 S.W.3d 101, 108–09 (Tex. Crim. App. 2006); Johnson v. State,
68 S.W.3d 644, 652–53 (Tex. Crim. App. 2002).  But when
application-of-law-to-fact questions do not turn on the credibility and
demeanor of the witnesses, we review the trial court’s rulings on those
questions de novo.  Amador, 221 S.W.3d at 673; Estrada v. State,
154 S.W.3d 604, 607 (Tex. Crim. App. 2005); Johnson, 68 S.W.3d at
652–53.

          Stated
another way, when reviewing the trial court’s ruling on a motion to suppress,
we must view the evidence in the light most favorable to the trial court’s
ruling.  Wiede, 214 S.W.3d at 24; State v. Kelly, 204 S.W.3d 808,
818 (Tex. Crim. App. 2006).  When the trial court makes explicit fact findings,
we determine whether the evidence, when viewed in the light most favorable to
the trial court’s ruling, supports those fact findings.  Kelly, 204
S.W.3d at 818–19.  We then review the trial court’s legal ruling de novo
unless its explicit fact findings that are supported by the record are also
dispositive of the legal ruling.  Id. at 818.

          When
the record is silent on the reasons for the trial court’s ruling, or when there
are no explicit fact findings and neither party timely requested findings and
conclusions from the trial court, we imply the necessary fact findings that
would support the trial court’s ruling if the evidence, viewed in the light
most favorable to the trial court’s ruling, supports those findings.  State
v. Garcia-Cantu, 253 S.W.3d 236, 241 (Tex. Crim. App. 2008); see Wiede,
214 S.W.3d at 25.  We then review the trial court’s legal ruling de novo
unless the implied fact findings supported by the record are also dispositive
of the legal ruling.  Kelly, 204 S.W.3d at 819.

          We
must uphold the trial court’s ruling if it is supported by the record and correct
under any theory of law applicable to the case even if the trial court gave the
wrong reason for its ruling.  State v. Stevens, 235 S.W.3d 736, 740
(Tex. Crim. App. 2007); Armendariz v. State, 123 S.W.3d 401, 404 (Tex.
Crim. App. 2003), cert. denied, 541 U.S. 974 (2004).

IV. 
Analysis

The
Fourth Amendment protects against unreasonable searches and seizures by
government officials.  U.S. Const. amend. IV; Wiede, 214 S.W.3d at 24. 
To suppress evidence because of an alleged Fourth Amendment violation, the
defendant bears the initial burden of producing evidence that rebuts the
presumption of proper police conduct.  Amador, 221 S.W.3d at 672; see
Young v. State, 283 S.W.3d 854, 872 (Tex. Crim. App. 2009).  A defendant
satisfies this burden by establishing that a search or seizure occurred without
a warrant.  Amador, 221 S.W.3d at 672.  Once the defendant has made this
showing, the burden of proof shifts to the State, which is then required to
establish that the search or seizure was conducted pursuant to a warrant or was
reasonable.  Id. at 672–73; Torres v. State, 182 S.W.3d 899, 902
(Tex. Crim. App. 2005); Ford v. State, 158 S.W.3d 488, 492 (Tex. Crim.
App. 2005).

Whether
a search is reasonable is a question of law that we review de novo.  Kothe
v. State, 152 S.W.3d 54, 62 (Tex. Crim. App. 2004).  Reasonableness is
measured by examining the totality of the circumstances.  Id. at 63.  It
requires a balancing of the public interest and the individual’s right to be
free from arbitrary detentions and intrusions.  Id.  A search conducted
without a warrant is per se unreasonable unless it falls within one of the
“specifically defined and well-established” exceptions to the warrant
requirement.  McGee v. State, 105 S.W.3d 609, 615 (Tex. Crim. App.), cert.
denied, 540 U.S. 1004 (2003); see Best, 118 S.W.3d at 862.

Once
an officer has probable cause to arrest, he may search a vehicle incident to a
recent occupant’s arrest in two circumstances.  Gant, 556 U.S. at––, 129
S. Ct. at 1723.  The first of these arises when the arrestee is unsecured
within reaching distance of the passenger compartment of the vehicle at the
time of the search.  Id.  This exception does not apply in this case
because Appellant was seated in the back of Officer Moss’s patrol car at the
time of the search.  

Officers
are also justified in conducting a warrantless search pursuant to arrest when
it is reasonable to believe that the vehicle contains evidence of the offense
of arrest.  Id. at –––, 129 S. Ct. at 1719 (citing Thornton v. United
States, 541 U.S. 615, 632, 124 S. Ct. 2127, 2137 (2004) (Scalia, J.,
concurring in judgment)).  Discussing this exception in Gant, the Court
stated,

In many cases, as
when a recent occupant is arrested for a traffic violation, there will be no
reasonable basis to believe the vehicle contains relevant evidence. But in
others, including Belton and Thornton, the offense of arrest will
supply a basis for searching the passenger compartment of an arrestee’s vehicle
and any containers therein.

Id.
(citations omitted) (referencing New York v. Belton, 453 U.S. 454, 456,
101 S. Ct. 2860, 2862 (1981) (defendant arrested for unlawful possession of
marijuana), and Thornton, 541 U.S. at 618, 124 S. Ct. at 2129 (defendant
arrested for possession of marijuana and crack cocaine)).  In his concurring
opinion in Thornton, on which the Gant Court relied for this
exception, Justice Scalia wrote, “[I]t is not illogical to assume that evidence
of a crime is most likely to be found where the suspect was apprehended.”  Thornton,
541 U.S. at 630, 124 S. Ct. at 2136.  Specifically, the Gant Court held
that “circumstances unique to the vehicle context justify a search incident to
a lawful arrest when it is ‘reasonable to believe evidence relevant to the
crime of arrest might be found in the vehicle.’”  556 U.S. at –––, 129 S. Ct.
at 1719 (quoting Thornton, 541 U.S. at 632, 124 S. Ct. at 2137 (Scalia,
J., concurring in judgment)).  When it is reasonable to believe that evidence
of the offense of arrest may be found in the vehicle, the officer may search
“the passenger compartment of [the] arrestee’s vehicle and any containers
therein.”  Id.

Because
Appellant was arrested for DWI, we must determine whether it was reasonable for
Officer Moss to believe he might find evidence of Appellant’s offense in her
vehicle.  At least one court has suggested after Gant that certain
offenses establish the reasonableness of a warrantless search incident to
arrest of an automobile.  See United States v. Oliva, No.
C-09-341, 2009 WL 1918458, at *6 (S.D. Tex. Jul. 1, 2009) (suggesting that it
is per se reasonable for an officer to search the vehicle for evidence of the
crime of arrest when defendant is arrested for DWI).  Common knowledge also
suggests that either a Xanax prescription or a sufficient amount of stimulants
could have been concealed in Appellant’s purse because Texas courts
routinely decide cases in which a controlled substance is discovered in an individual’s
purse following an officer’s observation that the individual is intoxicated.  See,
e.g., Ashton v. State, 931 S.W.2d 5, 6 (Tex. App.––Houston [1st Dist.]
1996, pet. ref’d) (intoxicated arrestee’s purse contained cocaine); see also
Broadus v. State, No. 03-03-00189-CR, 2004 WL 34879, at *1 (Tex.
App.––Austin 2004, no pet.) (mem. op., not designated for publication)
(intoxicated arrestee’s purse contained cocaine and drug paraphernalia); Weaver
v. State, No. 05-03-00225-CR, 2003 WL 22462575, at *1 (Tex. App.––Dallas
2003, no pet.) (not designated for publication) (DWI arrestee’s purse contained
a pouch with drug paraphernalia and marijuana); Diaz v. State, No. 05-98-01936-CR,
1999 WL 711089, at *1, 2 (Tex. App.––Dallas 1999, no pet.) (DWI arrestee’s
purse contained marijuana).  Indeed, the trial judge observed at the hearing
that “it is absolutely common experience [that p]eople who use drugs and drive
have drugs in the car.”

In
the instant case, testimony at the suppression hearing established that
Appellant (1) was driving erratically; (2) was involved in a single-car
accident in which she struck a bridge; (3) had slightly slurred speech that
became steadily more slurred; (4) had a slightly staggered walk and had
difficulty maintaining her balance; (5) had initially denied using prescription
medication but later admitted taking Xanax; (6) had highly constricted pupils;
(7) exhibited no clues on the HGN test, indicating that she was under the
influence of a stimulant; and (8) denied drinking.  Based on the totality of
the circumstances, we hold that it was reasonable for Officer Moss to believe
that a search of Appellant’s vehicle and the containers therein might yield
evidence of Appellant’s driving while intoxicated and that the trial court did
not err by denying Appellant’s motion to suppress.  We overrule Appellant’s
sole point.

V.  Conclusion

Having
overruled Appellant’s sole point, we affirm the trial
court’s judgment.

 

ANNE GARDNER
JUSTICE

 

PANEL: 
LIVINGSTON,
C.J.; GARDNER and WALKER, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED: August 4, 2011 









[1]See Tex. R. App. P. 47.4.